

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann        AUSTIN 11, TEXAS
XXJOHNX XEXXXXIXXXXXXXX
ATTORNEY GENERAL

Hon. Fred Norris      Opinion No. O-3132
County Auditor        Re: Can a county of 20,635 population,
Polk County         according to the 1940 Census be charged
Livingston, Texas    with commissions or fees for the county
                     treasurer, and another related question?

Dear Sir:

Your letter of February 5, 1941, requesting an opinion
of this department, later modified by your recent letter of May
24, presents the following questions:

"1. Can a county of 20635 population, accord-
ing to the 1940 Census, charge commissions or fees
for the County Treasurer?

"2. Should the treasurer in the above mention-
ed County deposit his fees into the officer's Salary
Fund?

We have restated your first question in the caption
set forth above as we understand it.

Article 3943, Vernon's Annotated Civil Statutes, in
part, provides:

"The commissions allowed to any county treasurer
shall not exceed Two Thousand Dollars ($2000.00) an-
nually; ***."

Section 13, Article 3912e, Vernon's Annotated Civil
Statutes, in part, provides:

"The Commissioners' Court in counties hav-
ing a population of twenty thousand (20,000)
inhabitants or more, and less than one hundred
and ninety thousand (190,000) inhabitants ac-
cording to the last preceding Federal Census,
is hereby authorized and it shall be its duty
to fix the salaries of all the following named
officers, to-wit: sheriff, assessor and col-
lector of taxes, county judge, county attorney,
including criminal district attorneys and coun-
ty attorneys who perform the duties of district

attorneys, district clerk, county clerk, treas-
urer, hide and animal inspector. Each of said
officers shall be paid in money an annual salary
in twelve (12) equal installments of not less
than the total sum earned as compensation by
him in his official capacity for the fiscal
year 1935, and not more than the maximum amount
allowed such officer under laws existing on Aug-
ust 24, 1935; ***."

Section 7, Article 3912e, Vernon's Annotated Civil
Statutes, reads, in part, as follows:

"All monies drawn from said Officers' Salary
Fund or funds shall be paid out only on warrants
approved by the county auditor in counties having
a county auditor; otherwise all claims against
said fund shall first have been audited and ap-
proved by the Commissioners' Court of said county
and the monies shall be disbursed on such ap-
proved claims by warrants drawn by the county treas-
urer on said fund."

Section 5, Article 3912e, of said statutes, in part,
provides:

"It shall be the duty of all officers to
charge and collect in the manner authorized by
law all fees and commissions which are permitted
by law to be assessed and collected for all of-
ficial service performed by them. As and when
such fees are collected they shall be deposited
in the Officers' Salary Fund, or funds provided
in this Act. ***."

Section 3, of Article 3912e, of said statutes, pro-
vides:

"In all cases where the Commissioners'
Court shall have determined that county officers
or precinct officers in such county shall be
compensated for their services by the payment
of an annual salary, neither the State of Texas
nor any county shall be charged with or pay to
any of the officers so compensated, any fee or
commission for the performance of any or all of
the duties of their offices but such officers
shall receive said salary in lieu of other fees,
commissions or compensation which they would

> otherwise be authorized to retain; provided,
> however, that the assessor and collector of
> taxes shall continue to collect and retain for
> the benefit of the Officers' Salary Fund or
> funds hereinafter provided for all fees and
> commissions which he is authorized under law
> to collect; and it shall be his duty to account
> for and to pay all such monies received by him
> into the fund created and provided for under
> the provisions of this Act; provided further,
> that the provisions of this Section shall not
> affect the payment of costs in civil cases by
> the State but all such costs so paid shall be
> accounted for by the officers collecting the
> same, as they are required under the provisions
> of this Act to account for fees, commissions
> and costs collected from private parties."

The county treasurer, being specifically named in Section 13, Article 3912e, supra, the method of fixing the county treasurer's compensation formerly prescribed by Article 3941, Revised Civil Statutes, 1925, has been superseded by the foregoing provisions of the Officers' Salary Law as they apply to counties of twenty thousand (20,000) inhabitants or more. The law provides that a county treasurer in such counties shall draw all warrants on the Officers' Salary Fund, which must be approved by the county auditor.

Relative to your first two questions, the foregoing statutes require the officers designated to deposit all fees and commissions collected for all official services performed by them in the Officers' Salary Fund. Since they are prohibited from making any charge to the county, such commissions as prescribed in Article 3941, Revised Civil Statutes, are no longer "permitted by law to be assessed and collected" as provided in Section 5, of Article 3912e, supra.

It is, therefore, the opinion of this department that your questions in the order presented should be answered in the following manner:

1. Question No. 1. is answered in the negative.

2. Commissions authorized by Article 3941, Revised Civil Statutes, 1925, can no longer be charged to the county in those counties with twenty thousand (20,000) inhabitants or more,

Hon. Fred Norris, page 4


therefore are not to be deposited in the Officers' Salary Fund.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King

Wm. J. R. King, Assistant

APPROVED JUL 8, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

This opinion considered and approved in limited conference.

WJRK:RS:wb